IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES WILLIAMS, JR.**                                       **PETITIONER**

**VS.**                  **CASE NO. 5:05CV00296 JLH/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                       **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

           Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Charles Williams, Jr., an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his entry of a guilty plea in 2004 in Izard County Circuit Court on the charge of first degree battery. Petitioner was sentenced to ten years' imprisonment, with the sentence to run consecutive to other, unrelated sentences. Having entered a guilty plea, a direct appeal was unavailable. Petitioner did not subsequently seek postconviction relief pursuant to A.R.Cr.P. 37. In June of 2005 the petitioner attempted to file a "notice of appeal" and a "certificate of appealability" with the trial court. It appears these filings were requests for state habeas corpus relief, and that the relief was denied or the filings were deemed insufficient.

In the petition now before the Court, the following grounds for relief are advanced:

1. Petitioner received ineffective assistance of counsel when his attorney misinformed him about the parole eligibility laws controlling his conviction and sentence; and

2. His guilty plea was involuntary, unknowing, and unintelligent.

The respondent contends that these grounds are not properly before this Court due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. By previous Court Order, the petitioner was notified to address the claim that the petition should be dismissed as procedurally barred. The petitioner has addressed this assertion in his pleadings, and he has submitted an amended petition for relief. The respondent has addressed the amended petition.

We first consider if the claims advanced by Mr. Williams are procedurally barred. In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in

3

which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In his pleadings, the petitioner offers explanations for the procedural default. Before turning to these, it is helpful to examine the times and dates of the pertinent events:

\*   On October 20, 2004, Mr. Williams, who was then serving a term of imprisonment in the ADC, was charged in Circuit Court of Izard County with first degree battery.

\*   The trial court appointed counsel to represent the petitioner.

\*   Petitioner alleges that his appointed attorney informed him of a plea bargain whereby the petitioner would be allowed to plead guilty in exchange for a sentence of ten years with parole eligibility after two years. Petitioner alleges his attorney represented that the prosecuting attorney agreed that the petitioner would be eligible for parole after two years.

\*   Petitioner alleges that he initially resisted the plea agreement, maintaining that he was innocent of the charges because he acted in self defense to a racially motivated attack.

\*   Petitioner alleges that his attorney counseled him to accept the plea bargain, telling that the bargain "was the best result that the Petitioner could expect, even if he went to trial. Counsel also told the Petitioner that a jury would be unpredictable and might sentence Petitioner to a sentence

requiring more than two (2) years to achieve parole eligibility." Petition, page 2.

\*      Petitioner alleges that he told his attorney that "he would agree to plead guilty only on the condition that he would be eligible for parole after two (2) years. Petitioner reasoned that two (2) years would not substantially impact upon his potential release from prison under the sentence he was already serving." Petition, page 2.

\*      On November 1, 2004, petitioner entered a plea of guilty. He contends he would not have accepted the plea offer but for the assurances of counsel regarding parole eligibility. "Rather, Petitioner would have proceeded to jury trial under legal theory of self-defense, unless able to reach a more agreeable settlement with the prosecution." Petition, page 3.

\*      On November 26, 2004, petitioner was transferred to the ADC's Varner Unit. Shortly thereafter, ADC officials informed petitioner he would never be eligible for parole on his ten year sentence because the plea agreement represented his second conviction for a violent offense.

\*      "Almost immediately, Petitioner contacted defense counsel about the matter." Petition, page 3. Petitioner alleges that the attorney told him that ADC officials were in error and reassured him that he would be eligible for parole after serving two years. "On the basis of counsel's reassurances, Petitioner dismissed the contrary claims of the prison officials and made no further investigation regarding the matter. Petitioner had no personal expertise at researching or interpreting the law, and he had no reason to doubt the reassurances of counsel." Petition, pages 3-4.

\*      "Months later," petitioner was convinced by fellow inmates that his trial attorney may have given him incorrect advice. Petition, page 4. The advice was, indeed, incorrect, and the petitioner will not be eligible for parole on the ten year sentence.

\*      Since months had passed, the time during which the petitioner could have filed a Rule

37 petition in state court had lapsed.

Since the petitioner admittedly did not raise his claims in state court, the issue is whether there is adequate "cause" and "prejudice" for this failure, as those terms are used in *Wainwright v. Sykes, supra,* and following cases. Mr. Williams, in his original petition, urges that the procedural default is excusable because:

> (1) counsel was not actively representing Petitioner at the time of the default, (2) Petitioner justifiably had the utmost trust in counsel's reassurances regarding the contrary views expressed by VSM prison officials as to parole eligibility, (3) due to an inherent conflict of interest, counsel deliberately prevented Petitioner from availing himself of state post-conviction procedures for relief from the defective guilty plea, (i.e., by misleading Petitioner concerning the parole ineligibility claims made by VSM prison officials, counsel sought to protect himself from exposure to potential civil and attorney disciplinary liability for his previous malpractice during plea negotiations) and (4) counsel's post representative conduct constitutes a sufficiently "objective factor", external to and which cannot be fairly attributed to Petitioner as cause for the procedural default.

Petition, page 5. In his amended petition, Mr. Williams offers a fifth explanation for the procedural default – the factual basis for his ineffective assistance of counsel claim was not reasonably available to him prior to the expiration of the time in which to file a Rule 37 petition due to the attorney's deliberate concealment of the relevant facts. Docket entry no. 9.

At first glance, the petitioner's arguments to avoid the procedural bar are attractive. The focus of the arguments is the bad advice offered by trial counsel. Case law, however, starting with *Coleman v. Thompson*, 501 U.S. 722 (1990), casts a different light on the petitioner's assertions. The United States Supreme Court, in *Coleman, supra,* carefully considered at what stage of criminal proceedings a petitioner retained the constitutional right to effective assistance of counsel. This right to counsel, according to the Supreme Court, applies throughout the trial and the first appeal.[1]

---

[1] In this instance, where the petitioner entered a guilty plea, there was no direct appeal.

However,"[t]here is no constitutional right to an attorney in state post-conviction proceedings." 501 U.S. at 752.  Arkansas Rule 37 proceedings are post-conviction in nature.  "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* Thus, the petitioner bears the risk for all attorney errors made in the course of representation during post-conviction proceedings. *Id. at 754.*   The *Coleman* Court concluded, "Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas." *Id.* at 757.

Turning to the petitioner's five reasons advanced for excusing the procedural bar, the first four reasons focus upon the actions or inactions of his trial attorney.  The first reason, according to petitioner, is that his trial attorney was not actively representing him during the period following his guilty plea.  This appears to be factually correct, as there is no evidence that the attorney-client relationship continued after the petitioner entered his guilty plea.  Even if factually correct, this statement does not amount to cause for the petitioner's failure to timely raise his claims in state court.  As discussed at length, infra, the petitioner had no right to counsel after the guilty plea, and the responsibility for post-conviction proceedings fell upon the petitioner, not his trial attorney.  Therefore, the mere inactivity of the trial attorney does not amount to a cause for the procedural lapses occurring during the post-conviction phase.

The second argument of the petitioner is that he justifiably relied upon the trial attorney's reassurances that the parole calculations of the ADC officials were incorrect.  This argument runs headlong into the holding in *Coleman v. Thompson, supra,* that a petitioner bears the risk of all attorney errors occurring during post-conviction proceedings.  The reasoning of *Coleman* excludes

7

the result urged by the petitioner. Even if the trial attorney and petitioner explicitly agreed that the attorney was representing petitioner in the post-conviction proceedings, *Coleman* dictates that the petitioner relies on the attorney's advice at the petitioner's risk. Just as a petitioner could not overcome the procedural default by relying upon the erroneous advice of a fellow inmate or the advice of a family member, he cannot overcome the procedural bar by relying upon the advice of an attorney, retained or not, because the constitutional right to effective counsel does not apply at the post-conviction stage.

The petitioner's third and fourth arguments are related. He contends that his attorney deliberately misled him with bad advice shortly after the guilty plea was entered, and he further urges that this advice constituted an external factor preventing the petitioner from complying with the state procedural rules for filing a Rule 37 petition. Initially, we note that the petitioner does not provide facts to support his assertion that the trial attorney deliberately misled him with regard to parole eligibility. For the purpose of this Finding and Recommendation, we will presume that the trial attorney indeed acted deliberately in giving erroneous advice when contacted by the petitioner approximately one month after the entry of the guilty plea. Even engaging in this presumption, we find no merit in the petitioner's contention that his attorney is charged with fault for Mr. Williams' failure to raise his claims in state court. This finding follows from *Coleman v. Thompson, supra.* After the entry of the guilty plea, the trial stage was concluded and the constitutional right to effective counsel concluded at this point. Following the entry of the guilty plea on November 1, 2004, the risk for failing to comply with state procedural rules rested solely on the petitioner. If the petitioner received poor advice, whether deliberately or negligently, from any individual, this did not alter the basic equation that the petitioner was responsible for advancing his post-conviction claims

in a timely manner. As a result, there is no merit to the assertion that the trial attorney deliberately misled petitioner and this amounted to cause for the petitioner's procedural default.

Similarly, the trial attorney's acts and omissions do not amount to an external factor preventing the petitioner from complying with the state procedural rules. In order to establish an external factor amounting to cause, the petitioner must show some action either performed by or attributable to the state which hindered his ability to comply with the state procedural rules for filing a Rule 37 petition. Examples of state action which hindered a petitioner's ability to comply with state rules include *Dobbs v. Zant,* 506 U.S. 357 (1993) (state erroneously asserted that a transcript did not exist), *Amadeo v. Zant*, 486 U.S. 214 (1988) (county officials concealment of information about jury lists), and *Fairchild v. Lockhart*, 979 F.2d 636 (8th Cir. 1992) (prosecutor's erroneous statement that he turned over his complete file to defense counsel). The prime example of an act attributable to the state and amounting to cause is ineffective assistance of counsel during either the trial or direct appeal. In such an instance, even though the act or omission was performed by defense counsel rather than a state or county official, the "Sixth Amendment itself requires that responsibility for the default be imputed to the State." *Coleman v. Thompson*, 501 U.S. at 754 (quoting *Murray v. Carrier*, 477 U.S. at 488). The facts advanced by Mr. Williams do not constitute an external impediment to his compliance with the state procedures because there was no act or omission by state officials or no act or omission that may be attributed to the state. As a result, he fails to demonstrate an external factor amounting to cause for his procedural failure.

The fifth and final assertion by Mr. Williams is that the factual basis for his claims of ineffective assistance were not available to him during the time in which he could have pursued those claims. Again, Mr. Williams urges that his trial attorney deliberately caused the factual basis

for the claims to be obscured. In his petition, Mr. Williams indicates he entered his guilty plea on November 1, 2004, and was transferred to the ADC's Varner Unit on November 26, 2004. Shortly after the transfer he was alerted by ADC officials that there was a discrepancy between the parole eligibility by ADC records and the petitioner's understanding of his parole eligibility. It is clear from his own version of the facts that the petitioner was aware of the factual basis for his ineffective assistance of counsel claim shortly after his transfer to the Varner Unit. While he may not have been aware of the legal implications of the facts, the facts were apparent at a time which would have allowed him to pursue Rule 37 relief. In approximate terms, Mr. Williams became aware of the factual basis for his claim about one month after the guilty plea, allowing him two months in which to file a timely Rule 37 petition[2]. Petitioner addressed this dilemma by contacting his trial attorney and relying upon his reassurances rather than pursuing Rule 37 relief. This was an unfortunate course of behavior for petitioner. After the entry of the guilty plea, several changes occurred: the attorney-client relationship no longer existed between Mr. Williams and his trial attorney; the time for filing a post-conviction petition began to run; the Sixth Amendment right to effective assistance of counsel no longer applied; and, as emphasized in *Coleman v. Thompson, supra,* the risk of errors in pursuing Rule 37 relief shifted squarely to the petitioner. It was not until "months later" that Mr. Williams revisited whether the trial attorney's advice might have been faulty. By then, the time in which to file a Rule 37 petition had passed.

In summary, the facts of this case are difficult, in that the petitioner is charged with knowledge of the law and the risk of accepting poor advice fell on the petitioner after the entry of

---

[2]A.R.Cr.P. Rule 37.2(c) provides a ninety day period following the guilty plea in which to file a Rule 37 petition.

the guilty plea.  Under the prevailing precedent, however, it is clear that the petitioner does not demonstrate cause for his failure to pursue his claims in state court.  As a result, this Court is barred from considering the claims.

We note that petitioner need not show cause and prejudice if he establishes actual innocence to the crime.  He contends he had a possible defense of self-defense.  In addressing claims of actual innocence, we are guided by the United States Supreme Court:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Mr. Williams; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.  Here, the claim of actual innocence[3] fails because the evidence of self defense is not new.  To the contrary, Mr. Williams of all people was aware of this evidence.  In addition to being old evidence, there is no reason to believe the evidence more reliable now than when Mr. Williams chose to forego trial and enter the guilty plea.  The claim of actual innocence is without merit.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed due to the unexcused procedural default of the petitioner in state court.

---

[3] There is debate regarding whether self defense amounts to actual innocence rather than merely legal innocence.  *See, e.g., Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (evidence of affirmative defenses does not amount to actual innocence), and *Jaramillo v. Stewart*, 340 F.3d 877, 883 (9th Cir. 2003) (evidence of self defense supports actual innocence claim).  We need not address this issue because Mr. Williams fails to advance new and reliable evidence required by *Schlup v. Delo.*

IT IS SO ORDERED this  27   day of January, 2006.

*H. Daniel Young*

_____

United States Magistrate Judge